

# THE ATTORNEY GENERAL
## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

March 25, 1949

Hon. R. A. Smoot Schmid, Member
Board of Pardons and Paroles
Capitol Station
Austin, Texas

Opinion No. V-793

Re: Authority of a district
judge to appoint, with the
approval of the Board of
Pardons and Paroles, a pro-
bation and parole officer
under the provisions of
Article 781b, V.C.C.P., to
serve without cost to the
State or county.

Dear Sir:

Your request for an opinion on the above cap-
tioned subject, in part, reads:

"We desire the opinion of your office
regarding the legality of the appointment
of a Probation Officer by a District Judge,
under the provisions of Article 781b, Code
of Criminal Procedure, without cost to the
county or state, and the confirmation of
this appointment by the Board of Pardons
and Paroles.

"Under paragraph one of Section 24,
Article 781b, it is the interpretation of
the Board that the appointment of Parole and
Probation officers is a prerogative of the
Board of Pardons and Paroles.

"We quote from paragraph one of Section
24 Article 781b, Code of Criminal Procedure:

"'All appointments of probation and pa-
role officers shall be made from the
eligible list by the Director of Proba-
tion and Parole, subject to and with

the approval of said Board.'

"It is the interpretation of the District Judge that he has the power under Article 781b to appoint a probation officer without cost to the county or state and has requested the Board to confirm this appointment.

"Your opinion is necessary on account of the conflicting views of the Board of Pardons and Paroles and the District Judge."

Section 23 of Article 781b, V.C.C.P., authorizes the Board of Pardons and Paroles to appoint a Director of Probation and Parole whenever appropriations are made available to pay his salary and enable him to perform the duties imposed upon him by Article 781b.

Section 24 authorizes the Director of Probation and Parole, "appropriations permitting," to appoint probation and parole officers, subject to the approval of the Board of Pardons and Paroles. The duties of such officers are prescribed by Article 781b and pertain to both probationers and parolees. The salaries of these officers are paid by the State.

In Attorney General's Opinion No. V-415, it was said:

"Sections 24, 25, 26, 27, 28, and 29 provide for the appointment of probation and parole officers and define their duties and powers and provide for their assignment to various courts of the State. It is contemplated from such Sections that these probation and parole officers are to be full-time employees and receive a salary for their services. However, the Legislature has made no appropriations to pay the salaries of such officers and by reason thereof, such Sections are ineffectual until a subsequent Legislature appropriates monies with which to pay the salaries of such officers."

The exclusive power to appoint probation and parole officers has been conferred by Article 781b upon the Director of Probation and Parole, subject to the approval of the Board of Pardons and Paroles. Therefore, it necessarily follows that a district judge has no authority in virtue of that Article to appoint, either with or without the approval of the Board, a person to act as such an officer, with or without cost or expense to the State or county.

Article 781b, supra, commonly known as the "Adult Probation and Parole Law," has no application whatever to juveniles. This opinion, of course, is not concerned with those statutes providing for the appointment of juvenile probation or parole officers, whose duties are confined to juvenile cases.

## SUMMARY

The exclusive power to appoint probation and parole officers has been conferred by Article 781b, V.C.C.P., upon the Director of Probation and Parole, subject to the approval of the Board of Pardons and Paroles.

A district judge has no authority to appoint, either with or without the approval of the Board of Pardons and Paroles, a person to act as a probation and parole officer, with or without cost or expense to the State or county. Art. 781b, V.C.C.P., secs. 23, 24.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By
Bruce W. Bryant
Assistant

BWB:wb

APPROVED:

Price Daniel
ATTORNEY GENERAL